IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KITUWAH LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>EXPERIENTIAL VENTURES<br>HOSPITALITY LLC,<br><br>    Defendant. | Civil Action No. 25-686-GBW |
| KITUWAH LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>SPORTS HOSPITALITY VENTURES, LLC,<br>and EXPERIENTIAL VENTURES<br>HOSPITALITY LLC,<br><br>    Defendants. | Civil Action No. 25-687-GBW |
| KITUWAH LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>EXPERIENTIAL HOSPITALITY<br>HOLDINGS, LLC, and EXPERIENTIAL<br>VENTURES HOSPITALITY LLC,<br><br>    Defendants. | Civil Action No. 25-688-GBW |

**MEMORANDUM ORDER**

On June 3, 2025, Plaintiff Kituwah LLC ("Kituwah" or "Plaintiff") filed its Complaint in each of the three above-captioned actions (together, the "Notes Actions"), alleging breach of contract.[1] D.I. 1; *see also* D.I. 1, C.A. No. 25-687; D.I. 1, C.A. No. 25-688.

Now pending before the Court are three Motions to Stay:

(1) Experiential Ventures Hospitality LLC's ("Experiential") Motion to Stay (D.I. 12), which has been fully briefed (*see* D.I. 13, D.I. 18, D.I. 21);

(2) Experiential and Sports Hospitality Ventures, LLC's ("SHV") Motion to Stay (D.I. 13, C.A. No. 25-687), which has been fully briefed (*see* D.I. 14, D.I. 19, and D.I. 23, C.A. No. 25-687); and

(3) Experiential and Experiential Hospitality Holdings, LLC's ("EHH") Motion to Stay (D.I. 13, C.A. No. 25-688), which has been fully briefed (*see* D.I. 14, D.I. 19, and D.I. 22, C.A. No. 25-688).

Defendants'[2] Motions to Stay seek to stay each of the Notes Actions pending the final resolution of a related action between several of the parties in the Delaware Court of Chancery, *Kituwah, LLC v. Schroeder et al.*, C.A. No. 2024-1270-LWW (Del. Ch.) (the "Chancery Action"). D.I. 12; *see also* D.I. 13, C.A. No. 25-687; D.I. 13, C.A. No. 25-688. For the following reasons, the Court denies Defendants' Motions to Stay.

---

[1] Unless otherwise indicated, all docket citations are to C.A. No. 25-686.

[2] The parties briefed the three Motions to Stay with substantively the same briefs in different actions. Throughout their briefing, Experiential, SHV, and EHH jointly refer to themselves as "Defendants." *See, e.g.*, D.I. 13 (titled "Opening Brief in Support of Defendants' Motions to Stay"); D.I. 21 (titled "Reply Brief in Support of Defendants' Motions to Stay") (same). Plaintiff did the same. *See, e.g.*, D.I. 18 (titled "Plaintiff's Brief in Opposition to Defendants' Motions to Stay"). Therefore, throughout this Memorandum Order, the Court refers to Experiential, SHV, and EHH jointly as Defendants and addresses their pending motions together.

I.   **BACKGROUND**

The Court writes for the benefit of the parties and, as such, only briefly sets forth the facts and procedural history necessary for the discussion herein.

"The Note[s] Actions arise in connection with Kituwah[] and Experiential's formation of SHV, through which the parties intended to utilize the exclusive license of the 'SPORTS ILLUSTRATED' trademark to develop sports-themed resort properties." D.I. 18 at 2; *see also* D.I. 13 at 2-3 (similar). As part of this venture, Kituwah entered into several agreements in January 2023, including the EHH LLC Agreement and the SHV LLC Agreement. D.I. 18 at 3.

"In addition to Kituwah's capital contribution, the EHH LLC Agreement and SHV LLC Agreement also set forth that Kituwah would provide certain loans related to the venture." *Id.* at 4. In January 2023, Kituwah loaned $4 million to SHV and $5 million to EHH. *Id.* at 4-5. In January 2024, Kituwah loaned $1.5 million to Experiential. *Id.* at 6-7. Each of the three loans was documented through the execution of a promissory note (together, the "Notes"). *Id.* at 4-7. Notwithstanding the parties' efforts, the venture did not result in the opening of any resort properties. *Id.* at 7. To date, Kituwah alleges it has not received payments owed under the Notes. *Id.* at 5-8.

On December 23, 2024, in the Chancery Action, Kituwah filed its verified first amended complaint against Experiential and four individuals, naming SHV as a nominal defendant. *See* D.I. 15 (redacted verified first amended complaint in the Chancery Action). Kituwah's verified first amended complaint in the Chancery Action alleges seven causes of action: (1) fraudulent inducement; (2) declaratory judgment, seeking a declaration that the SHV LLC Agreement and EHH LLC Agreement are unenforceable; (3) breach of the SHV LLC Agreement; (4) breach of the implied covenant of good faith and fair dealing (with respect to the SHV LLC Agreement); (5)

corporate waste; (6) unjust enrichment; and (7) accounting. *Id.* The Chancery Action does not name EHH as a defendant or include any causes of action alleging breach of the Notes. *See id.*

On February 28, 2025, Kituwah filed three actions in the Delaware Court of Chancery, which Kituwah asserts were "substantively identical" to the above-captioned Notes Actions. D.I. 18 at 1. After Defendants moved to dismiss those three state court actions for lack of jurisdiction, Kituwah voluntarily dismissed them. *Id.*

On June 3, 2025, Kituwah filed its Complaints in the Notes Actions in this Court. D.I. 1; *see also* D.I. 1, C.A. No. 25-687; D.I. 1, C.A. No. 25-688. On August 11, 2025, Defendants filed their Motions to Stay. D.I. 12; *see also* D.I. 13, C.A. No. 25-687; D.I. 13, C.A. No. 25-688. Defendants' Motions to Stay are now fully briefed.

Since the close of briefing on Defendants' Motions to Stay, this Court held a scheduling conference and issued a Scheduling Order in each of the Notes Actions. D.I. 26; *see also* D.I. 28, C.A. No. 25-687; D.I. 27, C.A. No. 25-688. Additionally, in the Chancery Action, the Delaware Court of Chancery has granted-in-part and denied-in-part a motion to dismiss filed by Experiential and the individual defendants. *Kituwah, LLC v. Schroeder*, No. 2024-1270-LWW, 2025 WL 2888334, at *1 (Del. Ch. Oct. 09, 2025) (V.C., Will) (denying the motion as to counts I, II, and VII, denying-in-part the motion as to count III, granting the motion as to counts IV, V, and VI, and dismissing one of the individual defendants).

## II. LEGAL STANDARD

"District courts retain broad discretion to manage the docket and resolve discovery disputes." *Elfar v. Twp. of Holmdel*, C.A. No. 24-1353, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025) (citing *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982)). "Courts generally consider three factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether

4

discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage." *Ferrari v. Forbes Media LLC*, C.A. No. 25-12-GBW, 2025 WL 860064, at *3 (D. Del. Mar. 19, 2025) (quoting *Int'l Bus. Machines Corp. v. Zynga Inc.*, C.A. No. 22-590-GBW, 2023 WL 8275938, at *1 (D. Del. Nov. 30, 2023)). "A district court must assess each case on its own merits, and must also be mindful of its responsibility to keep its docket moving, so that it can provide litigants with timely and effective resolution of their claims." *Bausch & Lomb Inc. v. SBH Holdings LLC*, C.A. No. 20-1463-GBW, 2025 WL 1005762, at *2 (D. Del. Apr. 3, 2025) (quoting *Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, C.A. No. 17-1687-LPS-CJB, 2019 WL 126192, at *1 (D. Del. Jan. 8, 2019)).

### III. DISCUSSION

As discussed in greater detail below, after balancing the appropriate factors, the Court finds that a stay is not warranted.

#### A. The Simplification of Issues for Trial

"The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial." *Brit. Telecommunications PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *7 (D. Del. Sept. 27, 2019) (Bryson, J., sitting by designation).

Defendants contend that a stay will simplify issues before this Court because the Delaware Court of Chancery "will make determinations about Kituwah's claims and Defendants' defenses arising out of the parties' venture." D.I. 13 at 4.[3] Defendants further contend that the issues

---

[3] The Court defers consideration on the merits of any issues of collateral estoppel or *res judicata* unless and until they have ripened. *See PureWick Corp. v. Sage Prods., LLC*, C.A. No. 22-102, 2023 WL 2734779, at *2 (D. Del. Mar. 31, 2023) ("Under Third Circuit law, collateral estoppel applies when: (1) *the identical issue was previously adjudicated*, (2) that issue was

5

surrounding the failure of the joint venture "will be determined, if and when necessary, in Kituwah's first-filed Court of Chancery Action[,] as the same facts will also serve as affirmative defenses in that matter." *Id.* at 6.

In opposition, Kituwah counters that the Notes are not at issue in the Chancery Action. D.I. 18 at 9. Kituwah further notes that the Chancery Action has additional parties, and involves claims against Experiential's principals in their respective individual capacities. *Id.* at 10. As a result, Kituwah claims that the issue of unclean hands "would arise in the context of breach of contract claims under three entirely *different* and *standalone* promissory notes that are not at issue in any of the claims before the Chancery Court." *Id.* at 12 (emphasis in original); *see also Korotki v. Hiller & Arban, LLC*, C.A. No. N15C–07–164, 2017 WL 2303522, at *11 (Del. Super. Ct. May 23, 2017) ("The unclean hands defense has been described as 'purely equitable' in nature and 'generally inappropriate' where legal remedies are sought." (collecting cases)); *Commave Therapeutics SA v. Zevra Therapeutics, Inc.*, No. 2024-0920-LWW, 2025 WL 3778938, at *8 (Del. Ch. Dec. 31, 2025) (V.C., Will) (rejecting an unclean hands defense because there was no "immediate and necessary relation" between the alleged conduct and the dispute (citation omitted)).

"In considering the prospects for simplification, the Court shall assess all of the possible outcomes of the proceeding or inquiry that the case would be stayed in favor of—not just the potential outcome most favorable to the party seeking the stay." *Bataan Licensing LLC v. DentalEZ, Inc.*, C.A. No. 22-238-GBW, 2023 WL 143991, at *1 (D. Del. Jan. 10, 2023) (citation

---

actually litigated, (3) the previous determination was necessary to the decision and (4) the party being precluded from relitigating the issue was fully represented in the prior action." (emphasis added) (citing *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006)).

6

omitted). In *Bataan*, for example, the defendant moved for a stay pending resolution of its motion to dismiss. *Id.* This Court concluded that the first factor weighed in favor of a stay because granting the motion to dismiss would dismiss the case in its entirety. *Id.*; *see also Ferrari*, 2025 WL 860064, at *4 (similar). On the other hand, in *Doehler N. Am., Inc. v. Davis*, the court concluded that the first factor did not weigh in favor of a stay, despite a co-pending dissolution action in the Delaware Court of Chancery, because the state court's decision was "unlikely to simplify the issues" involving the parties' obligations under the agreements asserted in the federal action. C.A. No. 22-00501, 2022 WL 2785969, at *3 (D. Del. July 15, 2022).

At this juncture, the Court finds that the first factor weighs against a stay for a few reasons. First, the Chancery Action does not involve any causes of action involving the Notes and does not include EHH. *Compare* D.I. 1 *with* D.I. 15 (redacted verified amended complaint in the Chancery Action). Second, the Delaware Court of Chancery may not address the issues raised by Defendants. *See Doehler*, 2022 WL 2785969, at *3. Indeed, as of the time of the parties' briefing on Defendants' Motions to Stay, the defendants in the Chancery Action had not asserted any affirmative defenses. D.I. 13 at 6. Even if they were asserted, the Delaware Court of Chancery may reject those defenses as applied to the causes of action asserted in the Chancery Action or issue a ruling on another basis.[4] Third, Defendants have not adequately shown that holdings on those issues would have any impact in the Notes Actions. *See PureWick*, 2023 WL 2734779, at *2. Accordingly, the first factor weighs against a stay.

---

[4] The Court further notes that Defendants' theory also depends on Kituwah litigating its contractual claims against Experiential and SHV in the Chancery Action, and Experiential and SHV maintaining their intended affirmative defenses until final resolution.

B.  **The Status of the Litigation**

When analyzing the second factor, courts often consider whether "the most burdensome stages of the cases—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future." *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019) (Bryson, J., sitting by designation) (citation omitted). In each of the Notes Actions, the parties have participated in a scheduling conference, the Court has issued a Scheduling Order, and trial dates have been set. However, no depositions have been taken, expert discovery has not started, and trial is years away. *See id.* (second factor weighed in favor of stay because no deposition had been taken, no expert discovery had begun, and the trial was approximately a year away); *cf. Jazz Pharms., Inc. v. Avadel CNS Pharms. LLC*, C.A. No. 22-941-GBW, 2025 WL 1529799, at *3 (D. Del. May 29, 2025) (second factor weighed against a stay where discovery was closed, the parties had filed case dispositive and *Daubert* motions, and briefing of those motions was complete or near complete). Accordingly, the second factor weighs in favor of a stay.

C.  **Undue Prejudice and Tactical Advantage**

Defendants contend that a stay of the Notes Actions will not prejudice Kituwah, and that the absence of a stay will cause the parties to incur additional costs. D.I. 13 at 7-8. As for the additional costs of litigation, "this type of economic harm usually does not constitute the type of 'undue hardship' relevant under this prong."[5] *Mahfouz v. Depuy Synthes Prods., Inc.*, C.A. No.

---

[5] Regarding this third factor, the parties observe that there may be some ability to deduplicate discovery between the Notes Actions and the Chancery Action. *See* D.I. 18 at 16; D.I. 21 at 8 (conceding that "deduplication of discovery costs and other efforts may somewhat reduce the burden for the parties").

8

25-445, 2025 WL 3698181, at *3 (D. Del. Dec. 19, 2025) (citation omitted). In opposition, Kituwah asserts that it will suffer substantial prejudice if a stay is granted, citing concerns for Defendants' ability to pay. D.I. 18 at 14-16. Kituwah, however, does not substantiate its concerns with any other facts tending show, *inter alia*, Defendants' liquidity, solvency, or ability to pay. Thus, having thoroughly considered the parties' briefing of this third factor, the Court finds that the absence of a stay will not cause any party to suffer undue prejudice or allow any party to develop a clear tactical advantage.

### IV.   CONCLUSION

In sum, because Defendants have not shown that "the equities [in this action] tilt in [their] favor," the Court denies Defendants' Motions to Stay. *See Ferrari*, 2025 WL 860064, at *7 (citation omitted). For the foregoing reasons, at this juncture, a stay is not warranted.

* * *

WHEREFORE, at Wilmington this 29th day of January 2026, **IT IS HEREBY ORDERED** that:

(1)   Experiential's Motion to Stay (D.I. 12) is **DENIED**;

(2)   Experiential and SHV's Motion to Stay (D.I. 13, C.A. No. 25-687) is **DENIED**; and

(3)   Experiential and EHH's Motion to Stay (D.I. 13, C.A. No. 25-688) is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE